STIPULATION OF PARTIES, INCLUDING (1) BAYERISCHE MOTOREN WERKE AG,
(2) BMW BANK GMBH, AND (3) BROADCOM, INC.

Arpita Bhattacharyya (SBN 316454)
arpita.bhattacharyya@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
   **GARRETT & DUNNER, LLP**
Stanford Research Park
3300 Hillview Avenue
Palo Alto, CA  94304-1203
Telephone:    (650) 849-6600
Facsimile:    (650) 849-6666

Lionel M. Lavenue (*pro hac vice*)
lionel.lavenue@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
   **GARRETT & DUNNER, LLP**
Two Freedom Square
11955 Freedom Drive
Reston, VA  20190-5675
Telephone:    (571) 203-2750
Facsimile:    (571) 203-2777

R. Benjamin Cassady (*pro hac vice*)
ben.cassady@finnegan.com
Joseph M. Myles (*pro hac vice*)
joseph.myles@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
   **GARRETT & DUNNER, LLP**
901 New York Avenue, N.W.
Washington, DC  20001-4413
Telephone:    (202) 408-6088
Facsimile:    (202) 408-4400

*Attorneys for Petitioners*
*BAYERISCHE MOTOREN WERKE AG and*
*BMW BANK GMBH*

John V. Picone, III
jpicone@hopkinscarley.com
**HOPKINS & CARLEY**
The Letitia Building
70 South First Street
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:    (408) 286-9800
Fax:    (408) 998-4790

Peter Nissly
**HOPKINS & CARLEY**
70 South First Street
San Jose, CA 95113
Telephone:    (408) 286-9800

*Attorneys for BROADCOM INC.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| In Re Ex Parte Application of BAYERISCHE MOTOREN WERKE AG and BMW BANK GMBH<br><br>     Applicants,<br><br>for an Order Pursuant to 28 U.S.C. Section 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceeding. | Case No. 4:20-mc-80077-KAW<br><br>**[~~PROPOSED~~] PROTECTIVE ORDER** |

## [~~PROPOSED~~] PROTECTIVE ORDER

In order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential materials, and ensure that protection is afforded only to material so entitled, and for good cause shown, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

## 1.    PURPOSE AND LIMITATIONS

1.1    Protected Material designated as **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** under the terms of this Protective Order shall be used by a Receiving Party solely for (i) the above-captioned case and all related appeals or (ii) the Actions and all related appeals, or (iii) invalidity or nullity actions and all related appeals regarding the Patents at issue in the Actions, and shall not be used directly or indirectly for any other purpose whatsoever, except as expressly provided for herein and/or agreed to by the Producing Party.

1.2    Nothing in this Protective Order shall be construed to require a Producing Party to produce or disclose information not otherwise required to be produced under the applicable rules or orders of the Court. Production or disclosure of **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** information under this Protective Order shall not prejudice the right of any Producing Party making that production or disclosure to maintain the trade secret status or confidentiality of that information in other contexts.  Similarly, no Producing Party waives any right to object on any ground to the admissibility of any of the Discovery Material, or portion thereof, covered by this Protective Order.  Likewise, nothing in this Protective Order shall prejudice the right of any Receiving Party to challenge the confidentiality designation of any materials produced and designated under this Protective Order.

1.3    Disclosure and discovery activity in the above-captioned case may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use

extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**2.    DEFINITIONS**

2.1    <u>Actions</u>:  2.1   Avago Techs. Int'l Sales Pte. Ltd. v. Bayerische Motoren Werke AG, et al., No. 7 O 21/20 (filed on February 11, 2020 before the Mannheim Regional Court in Germany); Avago Techs. Int'l Sales Pte. Ltd. v. Bayerische Motoren Werke AG, et al., No. 7 O 24/20 (filed on February 12, 2020 before the Mannheim Regional Court in Germany); Avago Techs. Int'l Sales Pte. Ltd. v. Bayerische Motoren Werke AG, et al., No. 4c O 5/20 (filed on February 6, 2020 before the Düsseldorf Regional Court in Germany); and consequent appeals before the Court of Appeal and Federal Court of Justice, and any other German infringement or nullity actions filed by BMW in which the infringement or validity of EP 1 819 180, EP 1 238 541, and/or EP 1 536 343 is at issue.

2.2    **"<u>CONFIDENTIAL</u>"** Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).  A Producing Party may designate any Discovery Material as **"CONFIDENTIAL"** if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

2.3    <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    <u>Designating Party</u>:  a Party that designates information or items that it produces in disclosures or in responses to discovery as **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."**

2.5    <u>Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Outside Counsel of Record to serve as an expert witness or a litigation consultant in the Actions (including any necessary support personnel of such

1    person to whom disclosure is reasonably necessary for this litigation or the Actions), and who is not

2    a current employee of a Party or of a competitor of a Party, and who, at the time of retention, is not

3    anticipated to become an employee of a Party or of a competitor of a Party.

4    　　　　2.7    **"**<u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>**"** Information or Items:

5    Discovery Material that contains or reflects information that is extremely confidential and/or

6    sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery

7    Material is likely to cause economic harm or significant competitive disadvantage to the Producing

8    Party.  The Parties agree that the following information, if non-public, shall be presumed to merit the

9    **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** designation: trade secrets, pricing

10   information, financial data, sales or marketing forecasts or plans, business plans, sales or marketing

11   strategy, product development information, engineering documents, testing documents, employee

12   information, and other non-public information of similar competitive and business sensitivity.

13   　　　　2.8    <u>House Counsel</u>:  attorneys (as well as their support staff) who are employees of the

14   Receiving Party and who have responsibility for managing the above-captioned case or the Actions.

15   House Counsel does not include Outside Counsel of Record or any other outside counsel.

16   　　　　2.9    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal

17   entity not named as a Party to the above-captioned case or the Actions.

18   　　　　2.10   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party but are

19   retained to represent or advise a Party in connection with the above-captioned case or the Actions, as

20   well as other attorneys or support staff employed by or affiliated with the same firm as one of the

21   attorneys who has entered an appearance on behalf of one of the Parties in the above-captioned case

22   or the Actions, to whom it is reasonably necessary to disclose the information for the above-

23   captioned case or the Actions.

24   　　　　2.11   <u>Party or Parties</u>:  Broadcom, Inc. (**"Broadcom"**); Bayerische Motoren Werke AG; and

25   BMW Bank GmbH (collectively **"BMW"**), including all of their officers, directors, employees,

26   consultants, retained experts, and Outside Counsel of Record (and their support staffs).

27   　　　　2.12   <u>Producing Party</u>:  a Party or Non-Party that produces Discovery Material pursuant to

28   this protective order.

2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.  For the avoidance of doubt, Professional Vendors does not include professional jury or trial consultants or mock jurors.

2.14    <u>Protected Material</u>:  any Discovery Material that is designated as **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"** as provided for in this Protective Order.

2.15    <u>Receiving Party</u>:  a Party that receives Discovery Material from a Producing Party.

2.16    <u>Relevant Technology</u>:  technology related to at least (a) systems for enabling or disabling computer network communications by type based on analyzing stored information related to a user; (b) systems for blending graphics with decoded video data using a composite alpha value created by blending graphics windows; (c) controllers for communicating with external devices that use a switch to route communications and a plurality of controllers to provide an interface to the peripheral devices; and (d) **"Screen Mirroring"** functionality.

**3.    SCOPE**

3.1    The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, derivations or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.2    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Protective Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.  Notwithstanding the foregoing, a Producing Party may not disclose its own Protected Material to the extent such Protected Material is also the Protected Material of any other Party (*e.g.*, settlement discussions and agreements containing confidentiality obligations),

1    without the prior written consent of such other party, unless compelled to do so by a Court of
2    competent jurisdiction.

3           3.3     Nothing in this Protective Order shall restrict in any way the use or disclosure of
4    Discovery Material by a Receiving Party that is:  (i) in the public domain at the time of disclosure to
5    a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a
6    result of publication not involving a violation of this Protective Order, including becoming part of
7    the public record through trial or otherwise; (ii) known to the Receiving Party prior to the disclosure
8    or obtained by the Receiving Party after the disclosure from a source who obtained the information
9    lawfully and under no obligation of confidentiality to the Designating Party; (iii) previously
10   produced, disclosed and/or provided by the Designating Party to the Receiving Party or a Non-Party
11   without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of
12   the Designating Party; or (v) pursuant to order of the Court.

13          3.4     Nothing in this Protective Order shall restrict a Producing Party's use or disclosure of
14   Discovery Material it produces that is designated as Protected Material by another Party or Non-
15   Party, if it was previously disclosed, produced, or provided by the Designating Party to the
16   Producing Party.

17          3.5     Nothing in this Protective Order shall be construed to preclude any Party's right to
18   seek to file any Protected Material with the Court under seal.  This Protective Order is without
19   prejudice to the right of any Party to seek further or additional protection of any Discovery Material
20   or to modify this Protective Order in any way, including, without limitation, an order that certain
21   matter not be produced at all.

22   **4.      DURATION**

23          4.1     Even after final disposition of the Actions, the confidentiality obligations imposed by
24   this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing, a
25   court order otherwise directs, or that information otherwise becomes public.  Final disposition occurs
26   after an order, mandate, or dismissal finally terminating the Actions with prejudice, including all
27   appeals.

28   **5.      DESIGNATING PROTECTED MATERIAL**

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

5.2     <u>Manner and Timing of Designations</u>.  The Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."**  Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Protective Order requires:

(a)     For information in documentary form (e.g., paper or electronically stored information ("ESI"), but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material and also, for ESI, in the metadata field assigned to indicate the confidentiality designation.[1]

(b)     A Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which

---

[1]  This protective order does not account for the provision of any source code, and the Parties agree that, to the extent production of source code is appropriate and required, a supplemental protective order with additional disclosure protections and procedures will be necessary.

1    material it would like copied and produced.  During the inspection and before the

2    designation, all of the material made available for inspection shall be deemed "HIGHLY

3    CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has

4    identified the documents it wants copied and produced, the Producing Party must determine

5    which documents qualify for protection under this Protective Order.  Then, before producing

6    the specified documents, the Producing Party must affix the appropriate legend

7    ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") as

8    set forth in the preceding paragraph.

9          (c)     For electronic files and documents produced in native electronic format, that

10   the Producing Party append to the file names or designators information indicating whether

11   the files contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

12   EYES ONLY" material, or shall use any other reasonable method for so designating

13   Protected Materials produced in electronic format.  When electronic files or documents are

14   printed for use at deposition, in a court proceeding, or for provision in printed form to an

15   Expert, the party printing the electronic files or documents shall affix a legend to the printed

16   document corresponding to the designation of the Designating Party and including the

17   production number and designation associated with the native file.

18         (d)     Each Party shall give the other Party notice if it reasonably expects a hearing

19   or other proceeding to include the other Party's Protected Material so that the other Party can

20   ensure that only authorized individuals are present at those proceedings.

21         (e)     For all other information or tangible items, that the Producing Party affix in a

22   prominent place on the exterior of the container or containers in which the information or

23   item is stored the label "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

24   ATTORNEYS' EYES ONLY."

25         5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

26   designate qualified information or items does not, standing alone, waive the Designating Party's

27   right to secure protection under this Protective Order for such material.  Upon timely correction of a

28   designation, the Receiving Party must make reasonable efforts to assure that the material is treated in

1    accordance with the provisions of this Protective Order.  Following a correction of a designation, the

2    Producing Party shall provide re-labeled copies of the information or items to each Receiving Party

3    reflecting the change in designation.

4    **6.      ACCESS TO AND USE OF PROTECTED MATERIAL**

5            6.1      <u>Basic Principles</u>.  All Protected Material shall be used solely for the above-captioned

6    case and the Actions, and not for any other purpose whatsoever, including without limitation any

7    other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or

8    any business or competitive purpose or function.  Protected Material shall not be distributed,

9    disclosed or made available to anyone except as expressly provided in this Protective Order or

10   another Order of this Court.  When the Actions have been terminated, the Receiving Party must

11   comply with the provisions of Sections 4.1, 11.5 and 12 herein.

12           6.2      <u>Duty to Object to Third Party Effort to Access in the Actions</u>.  After and to the extent

13   a Receiving Party receives notice that a third party to the Actions is attempting to access Protected

14   Material in the Actions, the Receiving Party will object to any attempt by a third party to access any

15   Protected Material submitted to the court in any Actions.  After receiving notice, a Receiving Party

16   will promptly notify the Designating Party and its counsel of any attempt by a third party to the

17   Actions to access any such Protected Material from those proceedings, or of any attempt by any third

18   party to intervene in the Actions, in sufficient time to allow the Designating Party to object, with the

19   Receiving Party's assistance and the cooperation of the parties in the proceeding, and to have such

20   objection timely resolved by the German court to ensure adequate protections remain in place.

21           6.3      <u>Secure Storage, No Export</u>.  Broadcom believes that certain Privileged Material may

22   be subject to U.S. government export control and economic sanctions laws.  To the extent required

23   by such regulations or laws, including the U.S. Export Administration Regulations, Protected

24   Material must be stored and maintained by a Receiving Party at a location in the United States and in

25   a secure manner that ensures that access is limited to the persons authorized under this Order.  If

26   Broadcom believes that any Discovery Materials may be subject to such export restrictions,

27   Broadcom shall provide notice in writing to the Receiving Party and shall identify such materials by

28   production number and shall specify the legal and factual basis for such a belief, and respond in

good faith to any inquiries regarding such a belief.  The Receiving Party shall be responsible for ensuring compliance with all applicable U.S. export control and economic sanction laws. After a good faith attempt to resolve any dispute regarding such a belief, the Receiving Party may challenge a designation of Discovery Materials as being subject to export restrictions under the procedures described in Section 10 of this Protective Order.

6.4    Disclosure of **"CONFIDENTIAL"** Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or items designated **"CONFIDENTIAL"** only to:

(a)    the Receiving Party's Outside Counsel of Record in the above-captioned case or Outside Counsel of Record in the Actions who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as well as employees of said Outside Counsel of Record in the above-captioned case or Outside Counsel of Record in the Actions, and any copying or clerical litigation support services working at the direction of such Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation or the Actions;

(b)    Three (3) or fewer House Counsel identified in accordance with Section 6.6 below prior to any disclosure, (1) to whom disclosure is reasonably necessary for this litigation or the Actions, (2) who are not involved in competitive decision-making as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as well as their support staff to whom disclosure is reasonably necessary, provided that such support staff are not involved in competitive decision-making and have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Protective Order) retained by the Receiving Party to whom disclosure is reasonably necessary for this litigation provided that (1) such Expert has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); (2) such Expert has no involvement in competitive decision-making (as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984)) for the Receiving Party; and (3) no

unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 6.6;

(d)     Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the Court in the above-captioned case and the Actions and their respective personnel;

(f)     court reporters and their staff to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the Designating Party or its employees, the author or recipient of a document containing the information, or a custodian or other person who otherwise possessed or knew the information; and

(h)     any other person with the prior written consent of the Designating Party.

6.5     Disclosure of **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in the above-captioned case or Outside Counsel of Record in the Actions who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as well as employees of said Outside Counsel of Record, and any copying or clerical litigation support services working at the direction of such Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Experts (as defined in this Protective Order) of the Receiving Party or its Outside Counsel of Record, retained to assist in the above-captioned case or the Actions, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (1) such Expert has agreed to be bound by the provisions of the Protective Order by

signing a copy of "Acknowledgment and Agreement to Be Bound" (Exhibit A); (2) such Expert is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (3) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 6.6.

(c)     Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court in the above-captioned case and the Actions and their respective personnel;

(e)     court reporters and their staff to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     the Designating Party or its employees, the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g)     any other person with the prior written consent of the Producing Party.

6.6     Procedures for Approving or Objecting to Disclosure of Protected Material.

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, prior to disclosing any Protected Material to any person described in Sections 6.4(b), 6.4(c), or 6.5(b) (referenced below as "Person"), the party seeking to disclose such Protected Material first must make a written request to the Designating Party that:

i.      sets forth the full name of the Person and the city and state of his or her residence, and

ii.     states the present employer and the title of the Person;

iii.    for any Expert, includes (a) an up-to-date curriculum vitae of the Person (including the Person's name and business/professional title and business

11

address); (b) a list of other cases in which the Person has testified (at trial or deposition) within the last five (5) years; (c) a list of all companies by which the Person has been employed within the last four (4) years, the dates of the employment, and a brief description of the subject matter of the employment; and (d) a list of all companies with which the Person has consulted within the last four (4) years, the dates of the consultancy, and a brief description of the subject matter of the consultancy.  This paragraph does not require the Disclosing Party to disclose aspects of any Expert's business or profession or companies with which the proposed expert has consulted or by which the proposed expert has been employed to the extent such information is subject to a non-disclosure agreement or other legal or contractual confidentiality obligations by the expert to a third party; in any such instance, the Disclosing Party will describe the confidential information / experience in such a manner as to enable the other parties to determine whether any valid concerns exist regarding the Disclosing Party's retention of that expert.

(b)     Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the Person.

(c)     A Party that makes a request and provides the information specified in Sections 6.6(a) and 6.6(b) may disclose the subject Protected Material to the identified Person unless, within seven (7) days of delivering the request and providing all the information required to be disclosed by this section, the Party receives a written objection from the Designating Party.  Any such objection must be in writing and set forth good cause for the objection.  For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Protected Materials in a way or ways that are inconsistent with the provisions contained in this Protective Order.  In the absence of an objection at the end of the seven (7) day period,

1    the Person shall be deemed approved under this Protective Order.  There shall be no

2    disclosure of Protected Material to the Person prior to expiration of this seven (7) day period.

3         (d)    A Party that receives a timely written objection must meet and confer with the

4    Designating Party (through direct voice-to-voice dialogue; other forms of communication are

5    not sufficient) to try to resolve the matter by agreement within seven (7) days of the written

6    objection.  If no agreement is reached, the Party seeking to make the disclosure to the Person

7    may file a motion as provided in Civil Local Rule 7-1 (or otherwise according to the Court's

8    discovery dispute resolution procedures) seeking permission from the Court to do so.  Any

9    such motion must describe the circumstances with specificity, set forth in detail the reasons

10   why the disclosure to the Person is reasonably necessary, assess the risk of harm that the

11   disclosure would entail, and suggest any additional means that could be used to reduce that

12   risk.  In addition, any such motion must be accompanied by a competent declaration

13   describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the

14   content of the meet and confer discussions) and setting forth the reasons advanced by the

15   Designating Party for its refusal to approve the disclosure.

16        (e)    In any such proceeding, the Party opposing disclosure to the Person shall bear

17   the burden of proving that the risk of harm that the disclosure would entail (under the

18   safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

19   Material to the relevant Person.

20        (f)    Upon receipt, a Receiving Party shall provide the Designating Party with a

21   copy of each signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) referenced

22   herein.

23        6.7    <u>Use of Protected Material</u>.  Any Protected Material may be introduced or submitted

24   during one or more of the Actions only if the Receiving Party takes reasonable steps and makes all

25   reasonable confidentiality requests to the court that are available under German procedural law to

26   protect the confidentiality of such Protected Material, including:  (a) in the case of written

27   submissions, requesting that the German court exclude any Protected Materials from any third party

28   access to the court files and to keep them separate from other submissions in the Actions; (b) in the

1  case of written submissions, redacting, to the extent reasonably possible, any Protected Material, and

2  requesting that only the persons permitted access to such Protected Material under this Protective

3  Order are the recipients of such information; (c) in the case of a Receiving Party that requests

4  inspection of the court file in any Action, ensuring that Receiving Party's outside counsel and any

5  others retained or employed by Receiving Party who may receive access to Protected Material as a

6  result of such request have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7  and (d) requesting that the German court seal the courtroom from the public, including the Party

8  representatives who are not permitted access to Protected Material under this Protective Order,

9  during those portions of court hearings when the Protected Material is to be discussed, and to the

10 extent reasonably practicable, otherwise referring to citations to the written record for Protected

11 Material during court proceedings in lieu of the content of Protected Material where members of the

12 public or others are present who are not permitted access to Protected Material.

13          6.8     Patent Prosecution Bar.  Absent the written consent of the Producing Party, any

14 person who reviews "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information

15 shall not be involved, directly or indirectly, in any of the following activities for a Party:  (i) advising

16 on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications,

17 specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims

18 in patents or patent applications relating to Relevant Technology, before any foreign or domestic

19 agency, including the United States Patent and Trademark Office; and (ii) the acquisition of patents

20 (including patent applications), or the rights to any such patents or patent applications with the right

21 to sublicense, relating to Relevant Technology.  To avoid any doubt, activities subject to the Patent

22 Prosecution Bar as used in this paragraph do not include representing a Party in a post-grant validity

23 proceeding before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex*

24 *parte* reexamination or *inter partes* reexamination, or other invalidity-related proceedings in other

25 jurisdictions, such as "nullity" actions in Germany).  This Prosecution Bar shall only apply to

26 information that is technical in nature, relates to current or anticipated products, and that is

27 designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The Prosecution Bar

28 shall not apply to financial or other non-technical information disclosed by a Producing Party and

designated as **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"** or to information that is originally created more than ten years prior to the entry of this Protective Order.  Any information the Producing Party contends should be subject to the Prosecution Bar must be separately labeled **"SUBJECT TO PROSECUTION BAR."**  This Prosecution Bar shall begin when the affected individual first reviews **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** information and shall end two (2) years after final disposition of the Actions.

6.9     <u>Development Bar</u>.  Absent the written consent of the Producing Party, any person who receives access to **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** information shall not be involved in performing hardware or software development work or product development work directly or indirectly intended for commercial purposes relating to Relevant Technology.  This Development Bar shall only apply to information that is technical in nature, relates to current or anticipated products, and that is designated as **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."**  The Development Bar shall not apply to financial or other non-technical information disclosed by a Producing Party and designated as **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** or information that is originally created more than ten years prior to the entry of this Protective Order.  Any information the Producing Party contends should be subject to the Development Bar must be separately labeled **"SUBJECT TO DEVELOPMENT BAR."**  These prohibitions shall begin when the affected individual first reviews **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** materials and until two (2) years after final disposition of the Actions.

# 7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

7.1     If a Party is served with a subpoena or a court order issued by any court, arbitral, administrative, or legislative body that compels disclosure of any information or items designated pursuant to this protective order as **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"** that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated pursuant to this protective order as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its material designated as CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Nothing in this Protective Order should be construed as authorizing or encouraging a Receiving Party in the above-captioned case or the Actions to disobey a lawful directive from another court or any arbitral, administrative, or legislative body.

**8.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

8.1      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure, (b) use its best efforts to retrieve improperly disclosed Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

9.1    When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Any inadvertent production of privileged or otherwise protected material that satisfies Federal Rule of Evidence 502(b) shall not be deemed to have waived the privilege or protection.

9.2    Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

## 10.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

10.1    <u>Timing of Challenges</u>.  Any Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

10.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen

designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

10.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (or the Court's procedures for resolving discovery disputes and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Similarly, frivolous assertions of confidentiality protections and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**11.    MISCELLANEOUS**

11.1    Right to Further Relief.  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.  The Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

11.2    Right to Assert Other Objections.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Protective Order shall not constitute a waiver of the right of any Party to claim in the Actions or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in the Actions or any other proceeding.

11.3    Filing Protected Material.  A Party that seeks to file under seal any Protected Material with the Court must comply with Civil Local Rule 79-5.  The standards and procedures outlined in Civil Local Rule 79-5 apply in all respects as to filing of materials designated under this Protective Order.

11.4    Burdens of Proof.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

11.5    Discovery Rules Remain Unchanged.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Northern District of California, or the Court's own orders.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Northern District of California, or the Court's own orders.

1    **12.     FINAL DISPOSITION**

2          12.1     Unless otherwise ordered or agreed in writing, within 90 days after the final

3    disposition of the Actions, as defined in Section 4.1, the Receiving Party, including Outside Counsel

4    for the Receiving Party, shall destroy or return all Protected Material, including Protected Material

5    included in work product, pleadings, motion papers, legal memoranda, correspondence, trial

6    transcripts and trial exhibits admitted into evidence (**"derivations"**), with the exception that the

7    obligation to destroy all copies of such Discovery Material shall not extend to copies stored in

8    disaster recovery backups or other data sources that are not reasonably accessible.  As used in this

9    subdivision, **"all Protected Material"** includes all copies, abstracts, compilations, summaries, and

10   any other format reproducing or capturing any of the Discovery Material.  Whether the Discovery

11   Material is returned or destroyed, the Receiving Party must submit a written certification to the

12   respective outside counsel of the Producing Party (and, if not the same person or entity, to the

13   Designating Party) by the 90 day deadline that (a) identifies (by category, where appropriate) all the

14   Protected Material that was returned or destroyed and (b) affirms that the Receiving Party has not

15   retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing

16   any of the Discovery Material.  Notwithstanding this provision, Counsel are entitled to retain an

17   archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

18   memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and

19   consultant and expert work product, even if such materials contain Protected Material.  Any such

20   archival copies that contain or constitute Protected Material stored in disaster recovery backups or

21   other sources that are not reasonably accessible remain subject to this Protective Order as set forth in

22   Section 4.1.

23         12.2     The Court shall retain jurisdiction after final disposition of the above-captioned case

24   to hear and resolve any disputes arising out of this Protective Order.

25

26

27

28

[PROPOSED] PROTECTIVE ORDER
CASE NO. 4:20-mc-80077-KAW

1    Dated:  June 17, 2020                FINNEGAN, HENDERSON, FARABOW,
2                                               GARRETT & DUNNER, LLP

3                                     By:  /s/ Lionel M. Lavenue
                                          Lionel M. Lavenue
4                                         *Attorney for Petitioners*
                                          *BAYERISCHE MOTOREN WERKE AG and*
5                                         *BMW BANK GMBH*

6

7    Dated:  June 17, 2020                HOPKINS & CARLEY
                                          A Law Corporation
8

9

10                                    By:  /s/ John V. Picone III
                                          John V. Picone III
11                                        *Attorneys for BROADCOM INC.*

12

13   DATED: July 2, 2020

     The Honorable Kandis A. Westmore
14   United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    <u>EXHIBIT A—ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

2    I, _____ [print or type full name], of _____

3    [print or type full address], declare under penalty of perjury that I have read in its entirety and

4    understand the Protective Order that was issued by the United States District Court for the Northern

5    District of California on [date] in the case of *In Re Ex Parte Application Of BAYERISCHE*

6    *MOTOREN WERKE AG and BMW BANK GMBH*, Case No. _____.  I agree to comply

7    with and to be bound by all the terms of this Protective Order and I understand and acknowledge that

8    failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I

9    solemnly promise that I will not disclose in any manner any information or item that is subject to this

10   Protective Order to any person or entity except in strict compliance with the provisions of this

11   Protective Order.

12   I further agree to submit to the jurisdiction of the United States District Court for the

13   Northern District of California for the purpose of enforcing the terms of this Protective Order, even

14   if such enforcement proceedings occur after termination of the Actions.

15   I hereby appoint _____ [print or type full name] of

16   _____ [print or type full address and telephone number] as

17   my California agent for service of process in connection with the Actions or any proceedings related

18   to enforcement of this Protective Order.

19   Date: _____

20   Location where sworn and signed: _____

21   Printed name: _____

22   Signature: _____

23

24

25

26

27

28

22